## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| AFFAN SIRAJ ZUHAYR EL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-CV-151-RLW |
| | ) |
| STATE FARM INSURANCE COMPANY, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's response to the Court Order dated June 24, 2022, that directed him to either file a motion for leave to proceed in forma pauperis or to pay the entire filing fee. *See* ECF No. 4. For the following reasons, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Plaintiff Affan Siraj Zuhayr El, a/k/a Timothy Lamont Blackwell, filed this civil action in this United States District Court on February 8, 2022. He did not pay the required filing fee or file a motion to proceed in forma pauperis. The Court ordered plaintiff to do one or the other and sent him a copy to the Court's form motion for leave to proceed in forma pauperis. In response, plaintiff submitted a filing titled "Notice of Judges and Officials' Oath—Bound Obligations and Fiduciary Duties," which fails to comply with the Court's order.

In plaintiff's notice to the Court, he identifies himself as a Moorish American and states his belief that he is exempt from the requirement to pay a filing fee or provide information about his assets in support of a request for leave to proceed without prepayment of such fee. He states he had no "gold or silver coins" to pay the "restricting demands, conditionally commanded by Employees and Contractors of the Court." *Id.* at 2. He describes the June 24, 2022 order as "an

instrument to deny me due process of law and my right to free access to the courts." *Id.* He then disparages the Court by suggesting that "access to the court, which is a Constitutional Right, is for sale." *Id.* at 3. He states that if the Court refuses to allow him to proceed based on his "Affidavit of Financial Statement," it is committing "[p]erjury of [o]ath" and he threatens to sue the Court. *Id.*

Plaintiff has filed similar documents in other cases before this Court. In both *Zuhayr-el v. Snead*, No. 2:22-CV-22-HEA (E.D. Mo. filed Apr. 5, 2022) and *Zuhayr El v. Bodenhausen*, No. 4:22-CV-520-RWS (E.D. Mo. filed May 11, 2022), the Court dismissed plaintiff's civil cases for willfully refusing to comply with the Court's orders. *See Snead* at ECF 9; *Bodenhausen* at ECF 9. These dismissals were entered after the Court ordered plaintiff to either pay the $402 filing fee or file a motion to proceed in forma pauperis. In both cases, plaintiff responded with filings indicating his belief that his status as a Moorish American exempts him from paying the filing fee or filing a motion to proceed in forma pauperis. In *Snead*, the Court told plaintiff specifically that his filing in response to the Court's order did not constitute compliance with the Court's order. *Snead* at ECF No. 6 (filed May 11, 2022).

Despite plaintiff's contentions, nothing exempts him from being required to pay a filing fee to institute this action, *see* 28 U.S.C. § 1914, or from being required to submit an affidavit including a statement of all of his assets when requesting leave to institute the action without prepayment of such fee. *See* 28 U.S.C. § 1915(a)(1). Plaintiff is also subject to this Court's Local Rule that requires the submission of a statement of financial information on a Court-provided form when requesting leave to institute a civil action without prepayment of the filing fee. *See* E.D.Mo. L.R. 2.05(A).

Like the situations presented in *Snead* and *Bodenhausen*, plaintiff has willfully refused to comply with the Court's June 24, 2022 order. Based upon his actions before this Court, it is clear that plaintiff would continue to refuse to comply with future Court orders, instead of prosecuting his case in a serious manner. Therefore, the Court will dismiss this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where *pro se* plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. A separate order of dismissal will be entered herewith.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 17th day of August, 2022.

3